James A. Hennefer (SBN 59490)
HENNEFER, FINLEY & WOOD, LLP
425 California Street, 19th Floor
San Francisco, CA 94104-2296
Telephone: (415) 421-6100
Facsimile: (415) 421-1815
jhennefer@hennefer-wood.com

Special Counsel for Plaintiff-Appellee
Mohamed Poonja

IN THE UNITED STATES COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>SAN JOSE AIRPORT HOTEL, LLC, dba<br>HOLIDAY INN SAN JOSE,<br>MOBEDSHAHI HOTEL GROUP, | Case No. CV 13-04634 EJD<br><br>(U.S. Bankruptcy Court, N. Dist. Calif.<br>(San Jose) Adv. Pro. No. 11-05236;<br>Case No. 09-51045-SLJ,<br>Jointly Administered with 09-51073-SLJ) |
| MOHAMED POONJA,<br><br>          Plaintiff-Appellee<br><br>vs.<br><br>CHANDRAKANT SHAH<br><br>          Defendant-Appellant | **APPELLEE'S MOTION<br>FOR SANCTIONS**<br><br>Fed.R.Civ.P. 41(b) and Bankruptcy Rule 8006 |

Plaintiff/Appellee Mohamed Poonja, by and through his counsel of record, hereby moves the Court, pursuant to the Federal Rules of Civil Procedure, Rule 41(b) and Bankruptcy Rule 8006, to dismiss this appeal. The motion is based on Appellant's failure to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be

---

1 presented" as required by Rule 8006. This was ordered to be filed on October 11, 2013, but has never been filed or served. The motion is also based on Appellant's failure to satisfy this Court's January 29, 2014 an "Order to Show Cause," regarding dismissal under Rule 41(b) for failure to complete the record on appeal. (*See,* Doc. No. 4 and Doc. No. 5)

In support of this motion, James A. Hennefer declares as follows:

1. I am counsel for Mohamed Poonja the plaintiff in the adversary proceeding before Judge Steven L. Johnson, in which a decision was rendered on August 2, 2013, after a court trial on May 6, 2013 and May 7, 2013. Poonja is the Appellee in this appeal.

2. Appellant-Defendant Chandrakant Shah, in the adversary proceeding below initially defaulted in responding to the complaint served on him, requiring a Request for Entry of Default be filed. However, he was relieved from the default. (Doc. Nos. 16, 16-1, 17, 17-1, 18, 18-1)

3. Shah did not file a timely Notice of Appeal from the judgment entered in the adversary proceeding on August 26, 2013, required 14 days from the entry of judgment under Bankruptcy Rule 8002. However, for medical reasons Shah was given *ex post facto* permission to file his Notice of Appeal late. It was filed on September 27, 2013. (Doc. No. 95)

4. With the filing of the Notice of Appeal, the Bankruptcy Court sent out a notice to all parties with the docket entry that included the order "Appellant Designation due by 10/11/2013." This notice was pursuant to Bankruptcy Rule 8006, "Record and Issues on Appeal." Rule 8006 provides: "[w]ithin 14 days after filing the notice of appeal. . . . the *appellant shall file with the clerk and serve on the appellee* a designation of the items to be included in the record on appeal *and* a statement of the issues to be presented." (Emphasis supplied.)

5. Again, on October 8, 2013, the Bankruptcy Court sent out to all parties with Doc. No. 100 in the adversary proceeding, a "Notice of Transfer of Appeal to District Court," that included the order: "Appellant Designation due by 10/11/2013."

6. Appellant Shah has never complied with Rule 8006 by filing and serving the required: 1) "designation of the items to be included in the record on appeal;" and 2) "statement of the issues to be presented" on appeal. This was due on October 11, 2013, over six (6) months ago.

7. On January 29, 2014 this Court issued an "Order to Show Cause," Doc. No. 4, stating that

"[t]o date . . . the District Court has not received a copy of the record from the Bankruptcy Court" and [t]he court cannot proceed without such record." The Order to Show Cause ordered Appellant to file a declaration "detailing the efforts made to secure the record and providing any other pertinent information" on or before February 10, 2014.

8. The Order to Show Cause further stated that:

> If Appellant does not file a response or otherwise fails to show good cause as directed, the court will dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure pursuant to Federal Rule of Civil procedure 41(b)

9. On February 10, 2014 Appellant filed a declaration in response to this Court's Order to Show Cause why the record on appeal had not been prepared. The declaration stated that: the reporter's transcript had been prepared; "appellant designated the portions of the record to be included in the clerk's transcript;" the clerk had not prepared the record; appellant had imaged the trial exhibits and requests for judicial notice; and, "[t]he materials will be provided to the clerk pursuant to Rule 8006 on February 12, 2014." (Doc. No. 5)

10. Appellee did not receive any "designation of the items to be included in the record on appeal" nor did Appellee receive any "statement of the issues to be presented" on appeal as required by Bankruptcy Rule 8006, and, as Appellant represented in its response to the Court on the OSC would be provided.

11. On February 18, 2014 Appellee received a "Manual Filing Notification" that the record was "in paper or physical form only and [was] being maintained in the case file in the Clerk's office" because it was a "Voluminous Document (PDF file size larger than efiling system allows)," but that the record would be served by Appellant's counsel on Appellee "in hard-copy shortly." (Doc. No. 6-1)

12. On February 18, 2014 and February 24, 2014 Appellee received notice that the Clerk's Transcript, consisting of all requests for judicial notice and all trial exhibits, and the Reporter's Transcript, reporting all trial proceedings, had been filed by Appellant manually.

13. Neither the designation of the record on appeal nor the statement of the issues to be presented was ever filed and served by Appellant on Appellee, either electronically or in hard-copy, although this was required to be done by October 11, 2013.

14. Neither a hard-copy nor electronic copy of the record was served on Appellee.

15. The first notice of the record on appeal and of the issues to be presented was not received by Appellee until April 1, 2014, at the time of the filing of Appellant's Brief. Appellant's Brief attached selective portions of the record from the court below in three appendices, Volume I, Volume II and Volume III, and set out the issues Appellant was presenting on appeal.

16. Volumes I, II and III of the appendices with Appellant's Brief omitted substantial portions of the record which supported Judge Johnson's "Order Following Trial" ("Decision") of August 2, 2013, were essential to Appellant's appeal and required for Appellee. These included the following.

    a. Appellant omitted all of the facts stipulated to by the parties before the trial which were "admitted and required no proof" at trial. In Judge Johnson's Decision he found "the parties filed an extensive Pre-Trial Statement in which they stipulated to numerous facts, which the court has reviewed and adopts" (Decision, 2:26 - 2:27). Appellee is filing with his opening brief, as Volume I of his excerpts of record, the Pre-Trial Statement with the facts Judge Johnson adopted.

    b. Appellant omitted virtually all of the Trial Exhibits that were admitted at trial, many of which support Judge Johnson's Decision. Appellee is filing with his opening brief, as Volume V of his excerpts of record, all of the Trial Exhibits which were admitted as evidence at trial.

    c. Appellant omitted pleadings and orders of Judge Johnson in the adversary proceedings which determined the issues and parties that were eventually tried to the Court. Appellee is filing with his opening brief, as Volume III of his excerpts of record, Trial Court Docket pleadings and orders relevant to the appeal.

    d. Appellant omitted virtually all of the Appellee's Requests for Judicial Notice submitted to Judge Johnson at trial. Appellee is filing with his opening brief, as Volume VI of his excerpts of record, the Requests for Judicial Notice that relate to this appeal.

17. Appellee seeks dismissal of this appeal for Appellant's repeated and continuing delays and failures in the adversary proceeding and appeal, including initial default on the complaint, the failure to timely file the notice of appeal, the failure to comply with Bankruptcy Rule 8006 in a timely fashion, or at all, and the failure to accurately and adequately respond to the Court's Order to Show Cause on February

1  10, 2014.

2  18. Appellant's actions have caused prejudice to Appellee. They have led to an incomplete record supporting Judge Johnson's Decision on appeal. They have led to lack of notice and surprise for Appellee in defending this appeal, since Appellant represented to the Court and Appellee that he would comply with Bankruptcy Rule 8006 and supply a complete record and notice of issues, but never did so. They have led to Appellee being deprived of his right under Bankruptcy Rule 8006 to "designation of additional items to be included in the record on appeal." They have led to Appellee being required to put together his own full record on appeal after the filing of Appellant's Brief..

9  19. The remedy of dismissal is available and "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).

12  20. Five discretionary factors govern the Rule 41(b) inquiry: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotations and citation omitted).

17  21. There are over 100 creditors of the San Jose Airport Hotel who are awaiting the outcome of this adversary proceeding to be paid on their claims. These claims have been pending since 2009 and are unlikely to be satisfied from other sources, because of the foreclosure on the SJAH brought about by the failure of Shah to perform on the purchase of the SJAH.

21  22. Appellant Shah procured cancellation of a $250,000 cashier's check made out to Old Republic Title and still in the possession of the Trustee/Appellee. This check was to have been part of the liquidated damages paid to SJAH for default on the purchase agreement by Shah as Judge Johnson found in his Decision on August 2, 2013. Shah ordered the cash from the cancelled cashier's check paid directly to himself. (Appellee's Appendix, Volume IV, 358:15-359:8, 360:8-362:5; Appellee's Appendix, Volume V, 138 and 138, Trial Exhibits 97 and 98)

Sworn to under penalty of perjury and executed this 2th day of May, 2014 pursuant to the laws of the State of California, at San Francisco California.

                                      /s/ James A. Hennefer
                                         James A. Hennefer

For the foregoing reasons, it is respectfully requested that the Court grant Appellee's motion and dismiss this appeal with prejudice.

Dated: May 2, 2014

Respectfully submitted,               HENNEFER, FINLEY & WOOD, LLP

                                       By:   /s/ James A. Hennefer
                                                   James A. Hennefer

                                         Special Counsel for Mohamed Poonja, Chapter 7 Trustee for San Jose Airport Hotel, LLC, dba Holiday Inn San Jose, and Mobedshahi Hotel Group

**PROOF OF SERVICE**

James A. Hennefer declares:

1. I am over twenty-one years of age and am not a party to the above-named action. My business address is 425 California Street, Nineteenth Floor, San Francisco, CA 94104.

2. On May 2, 2014, in San Francisco, California, I served the attached

APPELLEE'S MOTION FOR SANCTIONS

on the parties to this action.

3. Service was made by electronically filing that document with the Court to be served by operation of the Court's electronic filing and notice system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true.

DATED: May 2, 2014

/s/ James A. Hennefer
James A. Hennefer